**YA QIN LI, Petitioner,**

v.

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

No. 13–2637.

United States Court of Appeals, Second Circuit.

April 2, 2014.

Thomas D. Barra, New York, NY, for Petitioner.

---

Stuart F. Delery, Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Paul Fiorino, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: ROBERT A. KATZMANN, Chief Judge, RICHARD C. WESLEY, DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Petitioner Ya Qin Li, a native and citizen of the People's Republic of China, seeks review of the June 12, 2013, decision of the BIA denying her motion to reopen, *In re Ya Qin Li*, No. A095 850 517 (BIA June 12, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

The BIA's denial of Li's motion to reopen as untimely and number-barred was not an abuse of discretion. *See Kaur v. B.I.A.*, 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An alien may file one motion to reopen no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Li's 2013 motion was untimely and number-barred, as it was her second motion to reopen, and the final administrative decision was issued in 2004. However, the time and number limitations do not apply to a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii).

Substantial evidence supports the BIA's determination that Li failed to demonstrate changed country conditions in China. *See Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir.2008). "In determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, [the BIA] compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below." *Matter of S–Y–G–*, 24 I. & N. Dec. 247, 253 (BIA 2007).

The BIA may also deny a motion to reopen when the movant has not established her prima facie eligibility for the underlying relief sought. *See I.N.S. v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988). The BIA did not abuse its discretion in concluding that Li failed to establish an objectively reasonable fear of future persecution based on her practice of Falun Gong because she did not show that anyone in China was aware of that practice. *See Y.C. v. Holder*, 741 F.3d 324, 333–34 (2d Cir.2013); *Hongsheng Leng v. Mukasey*, 528 F.3d 135, 138 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).